**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | **Criminal No. 4:91-1-1** |
| | § | **Civil No. 4:17-2047** |
| DARRELL HUDEC, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Darrell Hudec's Motion Requesting the Court with the Consent of the Government to Reduce his Sentence Pursuant to the *Holloway* Doctrine (D.E. 166). The Court concludes that it is not necessary to order a Government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**I. Background**

In 1993, Movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which the Court denied. D.E. 141, 143. He filed another § 2255 motion in 2016 seeking to reduce his sentence under *Johnson v. United States*, 136 S.Ct. 2551 (2015), which the Court denied as successive. D.E. 160, 162. The Court instructed the Clerk to transfer the motion to the Fifth Circuit Court of Appeals, but the Fifth Circuit denied Movant's request to consider a successive § 2255 motion. D.E. 162, 164.

Movant now moves the Court to vacate his sentence under *Holloway v. United States*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Specifically, he asks the Court to set aside the remaining 10 years left on his 40-year sentence because: (1) he has demonstrated post-sentencing rehabilitation

and "is not the same person who made those terrible decisions;" (2) his "sentence is disproportionately severe compared to sentences imposed on leaders of major drug trafficking organizations;" (3) "there is nothing left to be gained by him spending any more time in prison;" and (4) "incarcerat[ing] him any longer is a waste of resources—both human and financial." D.E. 165, pp. 3, 6, 9. He has also attached several letters in support from himself, family members, and a fellow inmate; his Inmate Education Data Transcript; and Certificates of Completion for various BOP classes. D.E. 165-3, 165-4, 165-5.

**II. Analysis**

The relief Movant seeks is available, if at all, pursuant to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because his present motion was filed after a previous § 2255 motion, it is a second or successive motion.

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before the Court. 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authoring the district court to consider the application."); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Movant's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, the Court does not have jurisdiction over the motion. Accordingly, Movant's motion is dismissed as second or successive. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## III. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Movant cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

**IV. Conclusion**

For the foregoing reasons, Movant's § 2255 motion (D.E. 166) is **DISMISSED** pursuant to Rule 4(b), and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 10th day of July, 2017.


_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE