United States District Court
Southern District of Texas
**ENTERED**
August 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>    Plaintiff, §<br> §<br>    v. §<br> §<br>DARRELL HUDEC, §<br>    Defendant. § | CRIMINAL NO. 4:91-1-1 |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Darrell Hudec's Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 179), to which the Government has responded (D.E. 182).

**I. BACKGROUND**

On January 4, 1991, the grand jury returned a 16-count indictment charging Defendant and four others with eight separate bank robberies where firearms were used and/or discharged. On February 21, 1991, Defendant pled guilty to eight counts of bank robbery by force, violence, and intimidation under 18 U.S.C. §§ 2113(a),(d) (Counts 1, 3, 5, 7, 9, 11, 13, and 15) and two counts of use and possession of a firearm during a crime of violence under 18 U.S.C. § 924(c) (Counts 6 and 8). He was sentenced to 180 months as to each bank robbery count, to be served concurrently; 60 months as to the first firearm count (Count 6), to be served consecutively to the bank robbery counts; and 240 months as to the second firearm count (Count 8), to be served consecutively to the sentences imposed in all other counts. He has now served 29 years of his 40-year sentence and has a projected release date, after good time credit, of August 24, 2026.

Defendant previously filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), wherein he identified the following "'extraordinary and compelling" reasons warranting a sentence reduction to time served: (1) he has completed many programs offered by

1

the prison system; (2) he has strong family support, including his mother and fiancé; (3) he would like to spend time with his mother before she dies; (4) he has learned many useful skills in prison, such as painting; (5) he is 57 years old and has spent over 30 years of his life in prison; and (6) his health is failing, "as would be expected from someone his age." D.E. 174, p. 2.

By written Order entered February 5, 2020, the Court denied his motion, explaining:

> Defendant is not elderly, nor does he claim to be suffering from a terminal illness; serious physical, medical, or mental condition; or functional or cognitive impairment. He also does not identify any family circumstances that would support his release. Moreover, the Director of the Bureau of Prisons has not determined any other extraordinary and compelling reason exists to support Defendant's release. In fact, Defendant does not claim to have pursued his remedies within the BOP before petitioning the Court for a sentence reduction, as required under 18 U.S.C. § 3582(c)(1)(A).
>
> Finally, Defendant has failed to provide the Court with his prison disciplinary history or any other evidence showing that he is no longer a danger to the community.

D.E. 176, pp. 3–4.

Defendant has since retained counsel. In his current motion under § 3582(c)(1)(A), Defendant argues that compassionate release is warranted because: (1) if he were sentenced today, he would not be subject to a mandatory consecutive 20-year sentence for a subsequent § 924(c) conviction on Count 8; and (2) he is needed at home to help care for his terminally ill father. On May 5, 2020, Defendant, through counsel, submitted a request for compassionate release/reduction in sentence pursuant to Bureau of Prisons Program Statement 5050.50 to the warden of FCI Fairton. He received a denial from the warden dated June 1, 2020.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under a limited number of circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,

3

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  **(B) Age of the Defendant. –**

  The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

  **(C) Family Circumstances. –**

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  **(D) Other Reasons. –**

  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), app. n.1.

  Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)-(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

### A. First Step Act

At the time Defendant was sentenced in 1991, there was a statutory minimum sentence of 5 years for an offender's first conviction under 18 U.S.C. § 924(c). An enhanced minimum penalty of 20 years was mandated for any conviction under § 924(c) after the first § 924(c) conviction, regardless of whether the subsequent conviction was a part of the same criminal action. Under this framework, Defendant received a mandatory 60-month sentence on his first § 924(c) conviction in Count 6, to run consecutively to his concurrent 180-month sentences for the bank robberies. Because he was convicted of more than one violation under § 924(c), he also received a mandatory consecutive 240-month term on his second § 924(c) conviction in Count 8.

In 2018, Congress eliminated stacking of consecutive enhanced sentences for first-time offenders who are charged and convicted of multiple § 924(c) counts. Section 403 of the First Step Act of 2018 (FSA) amended § 924(c) to provide that the consecutive term for a successive §

5

924(c) offense does not apply unless the defendant had a previous, final conviction for a § 924(c) charge at the time of the offense. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22. If Defendant were sentenced today, he would face a 7-year sentence on each § 924(c) charge for brandishing a firearm or a 10-year sentence for discharging a firearm, consecutive to each other and to his 180-month sentence for the bank robberies. *See* 18 U.S.C. § 924(c)(1)(A)(ii)-(iii).[1]

According to Defendant, the fact that he would receive a significantly lower sentence under current law constitutes an "extraordinary and compelling reason" for a reduction in sentence to time served. While framed in terms of "compassionate release," Defendant effectively seeks retroactive application of FSA § 403.

The determination as to whether a specific statutory provision shall be applied retroactively is made by Congress. *Dorsey v. United States*, 567 U.S. 260, 274 (2012). In § 404 of the First Step Act, Congress made retroactive the reforms enacted by the Fair Sentencing Act of 2010 reducing the disparity between crack and powder cocaine sentences; however, FSA § 403(b) explicitly states that the amendment to § 924(c) is not retroactive: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Because Defendant was sentenced before December 21, 2018, FSA § 403 cannot be applied retroactively to reduce his sentence. *See United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020) ("First and most importantly, the Act itself plainly states that § 403 is not retroactive[.]"). *See also United States v. Cruz-Rivera*, 954 F.3d 410 (1st Cir. 2020) ("Congress did not intend the amendment in § 403(a) of the First Step Act to compel the 're-opening [of]

---

1. Using these calculations, Defendant's sentence under current law would be between 348 and 420 months.

6

sentencing proceedings concluded prior to [the] new law's effective date.'" (quoting *Dorsey*, 567 U.S. at 280)); *United States v. Hodge*, 948 F.3d 160, 164 (3d Cir. 2020); *United States v. Jordan*, 952 F.3d 160, 171–74 (4th Cir. 2020); *United States v. Richardson*, 948 F.3d 733, 744–53 (6th Cir. 2020); *United States v. Hamilton*, 800 F. App'x 476, 480 (9th Cir. Jan. 22, 2020) (unpublished); *United States v. Hunt*, 793 F. App'x 764, 767 (10th Cir. 2019) (unpublished) (affirming district court's denial of motion for sentence reduction under 18 U.S.C. § 3582(c) because FSA § 403 is not retroactive); *United States v. Buckner*, 808 F. App'x 755, 763 n.12 (11th Cir. Mar. 31, 2020) (unpublished).

Defendant argues, and the Government concedes, that some district courts have nonetheless granted a reduction in sentence and/or compassionate release based on "extraordinary and compelling reasons" to defendants who received stacked sentences under the pre-FSA version of § 924(c). *See, e.g.*, *United States v. Wade*, 2020 WL 1864906 (C.D. Cal. Apr. 13, 2020); *United States v. Chan*, 2020 WL 1527895 (N.D. Cal. Mar. 31, 2020) (indicative ruling pending completion of appeal); *United States v. Decator*, 2020 WL 1676219 (D. Md. Apr. 6, 2020); *United States v. Haynes*, — F.Supp.3d —, 2020 WL 1941478 (E.D.N.Y. Apr. 22, 2020); *United States v. Marks*, 2020 WL 1908911 (W.D.N.Y. Apr. 20, 2020); *United States v. McPherson*, — F.Supp.3d —, 2020 WL 1862596 (W.D. Wash. Apr. 14, 2020); *United States v. Young*, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020); *United States v. O'Bryan*, 2020 WL 869475 (D. Kan. Feb. 21, 2020); *United States v. Maumau*, 2020 WL 806121 (D. Utah Feb. 18, 2020); *United States v. Urkevich*, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019). One court in the Southern District of Texas granted an elderly inmate's unopposed motion for release to home confinement, reasoning that because the Sentencing Commission failed to amend U.S.S.G. § 1B1.13 and related commentary following the FSA, "the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt.

n.1(A)–(C) warrant granting relief." *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019). The court further cautioned that its "determination in this case is narrow and unlikely to have far-reaching implications, as Government non-opposition is both the touchstone of the determination and rare." *Id.*

"On the other hand, other courts have held that the definition of 'extraordinary and compelling reasons' under § 1B1.13 remains binding because Congress has not changed the fact that the Commission—not the courts—is to make this determination." *United States v. Baye*, — F.Supp.3d —, 2020 WL 2857500, at *9 (D. Nev. June 2, 2020) (citing 28 U.S.C. § 994(t) ("The [Sentencing] Commission . . . shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."); *United States v. Strain*, 2020 WL 1977114 (D. Alaska Apr. 24, 2020) ("Nothing in the First Step Act nullifies, amends, or expressly contradicts the definition of 'extraordinary and compelling reasons' provided by U.S.S.G. § 1B1.13. . . . [I]t is the clear command of 18 U.S.C. § 3582(c)(1)(A) that district courts may only grant compassionate release where consistent with U.S.S.G. § 1B1.13 as written."); *United States v. Lynn*, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) ("If the policy statement needs tweaking . . . , that tweaking must be accomplished by the Commission, not by the courts.")).

Having considered both lines of cases, the Court adopts the *Baye* Court's holding that "§ 1B1.13 is applicable, binding, and provides the exclusive list of extraordinary and compelling reasons that may justify compassionate release unless and until Congress, the Commission, or the Director provide for additional bases." *Baye*, 2020 WL 2857500, at *9.

The Sentencing Commission has identified those "extraordinary and compelling reasons" as medical condition, age, family circumstances, and any other reason "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13(1)(A), cmt. n.1. Following the FSA, the

BOP issued Program Statement 5050.50, which sets forth in detail the circumstances that may support a request for compassionate release and is limited to the same bases identified by the Sentencing Commission. *See* BOP Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. Neither the Sentencing Commission's policy statement nor the BOP's program statement provides for compassionate release based on reexamination of the severity of a defendant's original sentence. The Court therefore does not have the authority to grant Defendant's motion merely because he would receive a lower sentence under current law. *See, e.g.*, *United States v. Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020) (unpublished) ("[N]either the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction."); *United States v. Neubert*, 2020 WL 1285624, at *3 (S.D. Ind. Mar. 17, 2020) ("[A] reduction under § 3582(c)(1)(A) is not warranted because the disparity between [the defendant's] actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.' Instead, it is what the plain language of § 403 requires.").

**2. Family Circumstances**

In the alternative, Defendant moves for compassionate release because his father has a terminal diagnosis of malignant prostate cancer with a life expectancy of six months or less. Defendant says that his father requires hospice care; however, due to the global COVID-19 pandemic, hospice is unavailable. His only caretaker is his wife, Defendant's mother, but she is not capable of being his sole caretaker and is in desperate need Defendant's assistance.

Courts in the Southern District of Texas have repeatedly held that caring for a sick and/or aging parent is not a qualifying "family circumstance" under U.S.S.G. § 1B1.13(1)(A). *United*

*States v. Latham*, No. 6:18-CR-16-4, 2020 WL 4192920, at *3 (S.D. Tex. July 20, 2020); *United States v. Caldwell*, No. 2:17-CR-774, 2020 WL 3250728, at *2 (S.D. Tex. June 16, 2020); *United States v. Ramirez*, No. 2:15-CR-750-4, 2020 WL 2062262, at *2 (S.D. Tex. Apr. 29, 2020). *See also United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019) (denying compassionate release to defendant to care for ill mother because "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Citing *United States v. Bucci*, 409 F. Supp. 3d 1 (D. Mass. 2019), Defendant claims "[t]here is a precedent for granting relief when the defendant is a primary caregiver for an ailing parent." D.E. 179, p. 12. Recognizing that compassionate release is available under the Commission's policy statement where a defendant is the only available caregiver for their minor child or incapacitated spouse/partner, the *Bucci* Court held that "[w]hen a defendant is the '*only available caregiver*' for an incapacitated parent (perhaps a more unique occurrence given that inmates may have siblings or other family members able to care for their parents), then, it is likewise an 'extraordinary and compelling' reason warranting compassionate release." *Bucci*, 409 F. Supp. 3d at 2 (emphasis added) (parenthetical in original). Here, Defendant acknowledges that his mother is currently caring for his father. Defendant also has two brothers who have written the Court in support of his release. Thus, unlike Bucci, Defendant is not the "only available caregiver" for his father.[2]

---

2. The Court notes that Defendant previously claimed his father died and his mother needed support in "her last days." On January 25, 2018, Defendant filed a "Motion for 'Extraordinary Remedy' Pursuant to FED. R. CIV. P. 60(b)(6)." D.E. 169. Attached to Defendant's motion was a letter in which he stated, "Judge Rainy, my father died while I was serving my sentence . . . I owe my mother more than I have been as a son, and I pray for a chance to spend time with her in her last days." *Id*, p. 8. He repeated this claim in a brief in support of the same motion, stating, "Since his incarceration he has lost his father and wife. His mother is elderly, and needs [Defendant's] help in her last days." *Id.*, p. 11.

Because caring for a sick and/or aging parent is not a qualifying "family circumstance" under U.S.S.G. § 1B1.13(1)(A), the Court is without authority to grant compassionate release on this ground.

### C. Rehabilitation

Finally, Defendant states that, throughout his term of imprisonment, he has dedicated himself to proving his rehabilitation and has completed numerous classes and courses offered by the BOP. While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii). As set forth *supra*, Defendant has failed to show that he otherwise qualifies for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 179) is **DENIED**.

It is so **ORDERED** this 19th day of August, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE