UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | CRIMINAL NO. 4:91-1-1 |
| DARRELL HUDEC, <br> Defendant. | § <br> § <br> § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Darrell Hudec's Renewed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) (D.E. 187), to which the Government has responded (D.E. 188) and Defendant has replied (D.E. 189).

## I. BACKGROUND

On January 4, 1991, the grand jury returned a 16-count indictment charging Defendant and four others with eight separate bank robberies where firearms were used and/or discharged. On February 21, 1991, Defendant pled guilty to eight counts of bank robbery by force, violence, and intimidation under 18 U.S.C. §§ 2113(a),(d) (Counts 1, 3, 5, 7, 9, 11, 13, and 15) and two counts of use and possession of a firearm during a crime of violence under 18 U.S.C. § 924(c) (Counts 6 and 8). He was sentenced to 180 months as to each bank robbery count, to be served concurrently; 60 months as to the first firearm count (Count 6), to be served consecutively to the bank robbery counts; and 240 months as to the second firearm count (Count 8), to be served consecutively to the sentences imposed in all other counts. He has now served 31.5 years (79%) of his 40-year sentence and has a projected completion date, after good time credit, of May 14, 2025.[1]

---

1. According to his Sentence Monitoring Computation Data Sheet, Defendant's projected completion date for the current conviction is May 14, 2025. In 2000, while serving his sentence in this case, he was convicted of being an inmate in possession of a prohibited object and sentenced to an additional 18 months' imprisonment, to be served

1

In June of 2020, Defendant filed a Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), wherein he moved the Court for compassionate release on the grounds that, if he were sentenced today, he would not be subject to a mandatory consecutive 20-year sentence under 18 U.S.C. § 924(c) because the First Step Act of 2018 (FSA) amended 18 U.S.C. § 924(c) to provide that the consecutive term for a successive § 924(c) offense does not apply unless the defendant had a previous, final conviction under § 924(c) at the time of the offense. D.E. 179. The Court denied the motion by written Memorandum Opinion & Order entered August 19, 2020, finding that it did not have the authority to grant a sentence reduction because: (1) FSA § 403(b) explicitly states that the amendment to § 924(c) is not retroactive, and (2) U.S.S.G. § 1B1.13(1)(A) provides the exclusive list of extraordinary and compelling reasons that may justify compassionate release, and neither § 1B1.13(1)(A), the Sentencing Commission's policy statements, nor the Bureau of Prisons' (BOP) program statement, provides for compassionate release based on reexamination of the severity of a defendant's original sentence. D.E. 183. Based on subsequent Fifth Circuit rulings detailed *infra*, the Court issued an Order on February 9, 2022, indicating that it felt inclined to reconsider its decision and ordering the Parties to file supplemental briefing regarding compassionate release. D.E. 185.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

---

consecutively to his sentence in this case. His projected release date in Case No. 5:99-CR-202-R-2 (W.D. Ok.) is August 24, 2026.

>motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
>   *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the BOP, moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[2]

---

2. **(A) Medical Condition of the Defendant.** –
   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
   (ii) The defendant is—
      (I) suffering from a serious physical or medical condition,
      (II) suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the

---

**(B) Age of the Defendant.** –
 The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances.** –
 (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

 (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.** –
 As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

4

nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

### III. ANALYSIS

#### A. Extraordinary and Compelling Reasons

At the time Defendant was sentenced in 1991, there was a statutory minimum sentence of 5 years for an offender's first conviction under 18 U.S.C. § 924(c). An enhanced minimum penalty of 20 years was mandated for any conviction under § 924(c) after the first § 924(c) conviction, regardless of whether the subsequent conviction was a part of the same criminal action. Under this framework, Defendant received a mandatory 60-month sentence on his first § 924(c) conviction in Count 6, to run consecutively to his concurrent 180-month sentences for the bank robberies. Because he was convicted of more than one violation under § 924(c), he also received a mandatory consecutive 240-month sentence on his second § 924(c) conviction in Count 8.

In 2018, Congress eliminated stacking of consecutive enhanced sentences for offenders without a prior conviction under § 924(c) who are charged and convicted of multiple § 924(c) counts in the same criminal action. Section 403 of the FSA amended § 924(c) to provide that the consecutive term for a successive § 924(c) offense does not apply unless the defendant had a previous, final conviction under § 924(c) at the time of the offense. Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22. If Defendant were sentenced today, he would face a 7-year sentence on each § 924(c) charge for brandishing a firearm or a 10-year sentence for discharging a firearm, consecutive to each other and to his 180-month sentence for the bank robberies. *See* 18 U.S.C. § 924(c)(1)(A)(ii)-(iii).[3]

As detailed *supra*, the Court previously denied Defendant's motion under 18 U.S.C. § 3582(a) and FSA § 403, finding that it did not have the authority to grant a sentence reduction based on the non-retroactive amendment to § 924(c). In *Cooper*, however, the Fifth Circuit remanded a case to the Southern District of Texas "to consider, in the first instance, whether the nonretroactive sentencing changes to [the defendant's] § 924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence." *United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021). On remand, Chief Judge Rosenthal found that "[t]he sheer length of [the defendant's] sentence, the disparity between that sentence and the sentence he would receive today, and the proportion of his sentence—50%—made up of the now-repudiated § 924(c) mandatory minimum, are extraordinary." *United States v. Cooper*, 2021 WL 5027498, at *4 (S.D. Tex. July 15, 2021). *See also United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021) (affirming district court's conclusion that "a combination of factors" warranted compassionate release, including: the

---

3. According to the PSR, Defendant brandished a firearm in Count 6 and accidentally discharged a firearm in Count 8. Using these calculations, Defendant's sentence under current law would be between 348 and 384 months.

defendant's "young age" at sentencing; the "incredible" length of his stacked mandatory sentences under § 924(c); the FSA's elimination of sentence-stacking under § 924(c); and the fact that, if sentenced today, the defendant "would not be subject to such a long term of imprisonment"); *United States v. McCoy*, 981 F.3d 271, 284–85 (4th Cir. 2020) ("[W]e find that the district courts permissibly treated as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act."); *United States v. Sutton*, 2021 WL 5027493, at *2 (S.D. Tex. Apr. 7, 2021) ("[Defendant] should not face the sentence that would no longer be imposed. The court finds the discrepancy between sentences of 500 months (41.66 years) and 260 months (21.66 years) to be an extraordinary and compelling reason for granting relief.").

The Government concedes that "the disparity between Mr. Hudec's stacked § 924(c) sentence and [his] sentence today can be an 'extraordinary and compelling reason' to reduce his sentence." D.E. 188, p. 1. The Court agrees and finds the following combination of factors to be an extraordinary and compelling reason for granting relief: (1) the length of Defendant's sentence; (2) his age at the time of the offense; (3) the amount of time and proportion of his sentence already served; (4) the disparity between the sentence Defendant received and the sentence he would receive today; and (5) the fact that, if he were sentenced today, he would have already completed his sentence.

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

The Government nonetheless opposes a sentence reduction because Defendant's leadership role and criminal history demonstrate that he is a danger to the community. As detailed in the Presentence Report, Defendant was found to be a leader/organizer in four of the eight robberies.

7

He was also convicted of involuntary manslaughter at the age of 16 after he struck a man with a vehicle while in the process of stealing the vehicle. He was originally given probation in that case, but probation was revoked, and he was sentenced to 10 years' imprisonment in 1985. Defendant was paroled in 1989 and was on parole at the time he committed the string of bank robberies in the instant offense.

Defendant stresses that he was in his early 20s at the time of the instant offense, and he has now been in prison for longer than he was alive at the time he was convicted. In this time, he has earned his GED and completed roughly 60 educational and rehabilitative programs. His FSA Recidivism Risk Assessment indicates that he has a low risk of recidivism. As documented in his Summary Reentry Plan, he intends to live with and care for his mother upon release. Citing *Pepper*, Defendant argues that the Supreme Court has emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Pepper v. United States*, 562 U.S. 476, 491 (2011). "Post-sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id*.

The Court recognizes that Defendant has had a total of 10 disciplinary infractions during his more than 30 years of incarceration, including a 2000 conviction for possessing a prohibited item in prison for which he was sentenced to an additional 18 months' imprisonment; however, he has not had a serious incident report in over a decade. Having considered the factors set forth in 18 U.S.C. §§ 3142(g) and 3553(a), the Court finds that a sentence of 31 years is sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense,

deter criminal conduct, and protect the public from further crimes of Defendant. This sentence will also help to minimize the disparity among similarly-situated defendants sentenced under the FSA.

**IV. CONCLUSION**

For the reasons stated herein, Defendant's Renewed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) (D.E. 187) is **GRANTED**. Defendant is re-sentenced to a term of credit for time served in the BOP, followed by a term of 5 years' supervised release.

It is so **ORDERED** this 9th day of June, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE